UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
KARA GARZA and ELISEO GARZA,

                       Plaintiffs,

-against-

BAUSCH & LOMB INCORPORATED,

                       Defendant.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

08-CIV-4151 (PAC)(MHD)

**TRIAL BY JURY**
**DEMANDED**

### ANSWER AND DEFENSES OF BAUSCH & LOMB INCORPORATED TO PLAINTIFFS' COMPLAINT

Defendant Bausch & Lomb Incorporated ("Bausch & Lomb"), for its Answer to Plaintiffs' Complaint ("Complaint"), states as follows:

### STATEMENT OF THE CASE

1.     Bausch & Lomb admits that Plaintiffs bring this action seeking to recover damages, but denies that Plaintiffs are entitled to any relief. Bausch & Lomb denies all remaining allegations in paragraph 1 of the Complaint.

2.     Bausch & Lomb admits that it designed, researched, manufactured, tested, advertised, promoted, marketed, sold, and distributed ReNu® with MoistureLoc® for use in accordance with its FDA-approved labeling, and subject to the indications, precautions, warnings, and contraindications contained therein. Bausch & Lomb denies all remaining allegations in paragraph 2 of the Complaint.

### PARTIES AND JURISDICTION

3.     Bausch & Lomb states that paragraph 3 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Bausch & Lomb admits that it is incorporated in the State of New York and has its principal place of

532385.1

business in Rochester, New York. Bausch & Lomb further admits that there is diversity of citizenship and that the amount in controversy exceeds jurisdictional limits, but denies that Plaintiffs are entitled to any relief. Bausch & Lomb denies all remaining allegations in paragraph 3 of the Complaint.

4. Bausch & Lomb admits that it is incorporated in the State of New York and has its principal place of business in Rochester, New York.

5. Bausch & Lomb admits that it is incorporated in the State of New York and that it conducts business in New York. Bausch & Lomb denies all remaining allegations in paragraph 5 of the Complaint.

6. Bausch & Lomb admits that it conducts business in New York. Bausch & Lomb denies all remaining allegations in paragraph 6 of the Complaint.

7. Bausch & Lomb denies the allegations in paragraph 7 of the Complaint.

8. Bausch & Lomb is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 8 of the Complaint and therefore denies the same.

9. Bausch & Lomb admits that it conducts business in New York. Bausch & Lomb denies all remaining allegations in paragraph 9 of the Complaint.

10. Bausch & Lomb admits that it conducts business in New York. Bausch & Lomb denies all remaining allegations in paragraph 10 of the Complaint.

11. Bausch & Lomb denies the allegations in paragraph 11 of the Complaint.

12. Paragraph 12 was omitted from the Complaint served on Bausch & Lomb.

## PARTIES

13. Bausch & Lomb is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 13 of the Complaint regarding the Plaintiffs' residency and therefore denies the same. Bausch & Lomb denies all remaining allegations in paragraph 12 of the Complaint.

14. Bausch & Lomb admits that it is incorporated in the State of New York and has its principal place of business in Rochester, New York.

## FACTUAL ALLEGATIONS

15. Bausch & Lomb admits that it designed, researched, manufactured, tested, advertised, promoted, marketed, sold, and distributed ReNu® with MoistureLoc® for use in accordance with its FDA-approved labeling, and subject to the indications, precautions, warnings, and contraindications contained therein. Bausch & Lomb denies all remaining allegations in paragraph 15 of the Complaint.

16. Bausch & Lomb denies the allegations contained in paragraph 16 of the Complaint except that any website information speaks for itself.

17. Bausch & Lomb admits that there were reports of Fusarium keratitis among contact lens users in Asia and that it voluntarily suspended sales of ReNu® with MoistureLoc® in Singapore and Hong Kong. Bausch & Lomb denies all remaining allegations in paragraph 17 of the Complaint.

18. Bausch & Lomb denies the allegations contained in paragraph 18 of the Complaint except that Fusarium keratitis can require several months of treatment and result in corneal scarring.

19. Bausch & Lomb admits that there were reports of Fusarium keratitis among contact lens users in Asia and that it voluntarily suspended sales of ReNu® with

532385.1

MoistureLoc® in Singapore and Hong Kong. Bausch & Lomb denies all remaining allegations in paragraph 19 of the Complaint.

20.     Bausch & Lomb denies the allegations contained in paragraph 20 of the Complaint except that any Reuters article speaks for itself.

21.     Bausch & Lomb admits that there were reports of Fusarium keratitis among contact lens users in Asia and that it voluntarily suspended sales of ReNu® with MoistureLoc® in Hong Kong. Bausch & Lomb denies all remaining allegations in paragraph 21 of the Complaint.

22.     Bausch & Lomb denies the allegations contained in paragraph 22 of the Complaint except that any Morningstar article speaks for itself.

23.     Bausch & Lomb admits that there were reports of Fusarium keratitis among contact lens users in Asia and that it voluntarily suspended sales of ReNu® with MoistureLoc® in Singapore and Hong Kong. Bausch & Lomb denies all remaining allegations in paragraph 23 of the Complaint.

24.     Bausch & Lomb admits that there were reports of Fusarium keratitis among contact lens users in Asia and that it voluntarily suspended sales of ReNu® with MoistureLoc® in Singapore. Bausch & Lomb denies all remaining allegations in paragraph 24 of the Complaint except that the referenced press release speaks for itself.

25.     Bausch & Lomb denies the allegations contained in paragraph 25 of the Complaint except that any report made to the CDC speaks for itself.

26.     Bausch & Lomb denies the allegations contained in paragraph 26 of the Complaint except that any report made to the CDC speaks for itself.

532385.1

27. Bausch & Lomb denies the allegations contained in paragraph 27 of the Complaint except that any report of the CDC speaks for itself.

28. Bausch & Lomb denies the allegations contained in paragraph 28 of the Complaint except that any investigation or report of the CDC speaks for itself.

29. Bausch & Lomb denies the allegations in paragraph 29 of the Complaint.

30. Bausch & Lomb denies the allegations contained in paragraph 30 of the Complaint except that any press release made by the FDA or CDC speaks for itself.

31. Bausch & Lomb denies the allegations contained in paragraph 31 of the Complaint except that on or about April 10, 2006 it voluntarily suspended shipments of ReNu® with MoistureLoc® in the United States.

32. Bausch & Lomb denies the allegations contained in paragraph 32 of the Complaint except that on or about April 13, 2006, it initiated a voluntary market withdrawal of ReNu® with MoistureLoc® in the United States.

33. Bausch & Lomb denies the allegations contained in paragraph 33 of the Complaint except that any statement made by the FDA speaks for itself.

34. Bausch & Lomb is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 34 of the Complaint and therefore denies the same.

35. Bausch & Lomb denies the allegations in paragraph 35 of the Complaint.

36. Bausch & Lomb denies the allegations in paragraph 36 of the Complaint.

37. Bausch & Lomb denies the allegations in paragraph 37 of the Complaint.

38. Bausch & Lomb denies the allegations in paragraph 38 of the Complaint.

532385.1

## AS AND FOR A FIRST CAUSE OF
## ACTION AGAINST THE DEFENDANT

39. Bausch & Lomb incorporates by reference its responses to the above paragraphs as if fully set forth herein.

40. Bausch & Lomb states that paragraph 40 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Bausch & Lomb admits only to those duties as are imposed by law. Bausch & Lomb denies all remaining allegations in paragraph 40 of the Complaint.

41. Bausch & Lomb denies the allegations in paragraph 41 of the Complaint.

42. Bausch & Lomb denies the allegations in paragraph 42 of the Complaint.

43. Bausch & Lomb denies the allegations in paragraph 43 of the Complaint.

44. Bausch & Lomb denies the allegations in paragraph 44 of the Complaint.

45. Bausch & Lomb denies the allegations in paragraph 45 of the Complaint.

46. Bausch & Lomb denies the allegations in paragraph 46 of the Complaint.

47. Bausch & Lomb denies the allegations in paragraph 47 of the Complaint.

## AS AND FOR A SECOND CAUSE OF
## ACTION AGAINST THE DEFENDANT

48. Bausch & Lomb incorporates by reference its responses to the above paragraphs as if fully set forth herein.

49. Bausch & Lomb denies the allegations in paragraph 49 of the Complaint.

50. Bausch & Lomb denies the allegations in paragraph 50 of the Complaint.

51. Bausch & Lomb denies the allegations in paragraph 51 of the Complaint.

52. Bausch & Lomb denies the allegations in paragraph 52 of the Complaint.

53. Bausch & Lomb denies the allegations in paragraph 53 of the Complaint.

54. Bausch & Lomb denies the allegations in paragraph 54 of the Complaint.

532385.1

55. Bausch & Lomb denies the allegations in paragraph 55 of the Complaint.

56. Bausch & Lomb denies the allegations in paragraph 56 of the Complaint.

57. Bausch & Lomb denies the allegations in paragraph 57 of the Complaint.

## AS AND FOR A THIRD CAUSE OF ACTION AGAINST THE DEFENDANT

58. Bausch & Lomb incorporates by reference its responses to the above paragraphs as if fully set forth herein.

59. Bausch & Lomb states that paragraph 59 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Bausch & Lomb admits only to those warranties as are imposed by law. Bausch & Lomb denies all remaining allegations in paragraph 59 of the Complaint.

60. Bausch & Lomb states that paragraph 60 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Bausch & Lomb admits only to those warranties as are imposed by law. Bausch & Lomb denies all remaining allegations in paragraph 60 of the Complaint.

61. Bausch & Lomb denies the allegations in paragraph 61 of the Complaint.

62. Bausch & Lomb is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 62 of the Complaint and therefore denies the same.

63. Bausch & Lomb denies the allegations in paragraph 63 of the Complaint.

64. Bausch & Lomb denies the allegations in paragraph 64 of the Complaint.

65. Bausch & Lomb denies the allegations in paragraph 65 of the Complaint.

532385.1

## AS AND FOR A FOURTH CAUSE OF
## ACTION AGAINST THE DEFENDANT

66. Bausch & Lomb incorporates by reference its responses to the above paragraphs as if fully set forth herein.

67. Bausch & Lomb admits that it designed, researched, manufactured, tested, advertised, promoted, marketed, sold, and distributed ReNu® with MoistureLoc® for use in accordance with its FDA-approved labeling, and subject to the indications, precautions, warnings, and contraindications contained therein. Bausch & Lomb denies all remaining allegations in paragraph 67 of the Complaint.

68. Bausch & Lomb states that paragraph 68 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Bausch & Lomb admits only to those warranties as are imposed by law. Bausch & Lomb is without knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence of paragraph 68 of the Complaint and therefore denies the same. Bausch & Lomb denies all remaining allegations in paragraph 68 of the Complaint.

69. Bausch & Lomb denies the allegations in paragraph 69 of the Complaint.

70. Bausch & Lomb denies the allegations in paragraph 70 of the Complaint.

71. Bausch & Lomb denies the allegations in paragraph 71 of the Complaint.

## AS AND FOR A FIFTH CAUSE OF
## ACTION AGAINST THE DEFENDANT

72. Bausch & Lomb incorporates by reference its responses to the above paragraphs as if fully set forth herein.

73. Bausch & Lomb denies the allegations in paragraph 73 of the Complaint.

74. Bausch & Lomb denies the allegations in paragraph 74 of the Complaint.

75. Bausch & Lomb denies the allegations in paragraph 75 of the Complaint.

532385.1

76. Bausch & Lomb denies the allegations in paragraph 76 of the Complaint.

77. Bausch & Lomb denies the allegations in paragraph 77 of the Complaint.

78. Bausch & Lomb denies the allegations in paragraph 78 of the Complaint.

79. Bausch & Lomb denies the allegations in paragraph 79 of the Complaint.

80. Bausch & Lomb denies the allegations in paragraph 80 of the Complaint.

81. Bausch & Lomb denies the allegations in paragraph 81 of the Complaint.

### AS AND FOR A SIXTH CAUSE OF ACTION AGAINST THE DEFENDANT

82. Bausch & Lomb incorporates by reference its responses to the above paragraphs as if fully set forth herein.

83. Bausch & Lomb denies the allegations in paragraph 83 of the Complaint.

84. Bausch & Lomb denies the allegations in paragraph 84 of the Complaint.

85. Bausch & Lomb denies the allegations in paragraph 85 of the Complaint, including all subparts.

86. Bausch & Lomb denies the allegations in paragraph 86 of the Complaint.

87. Bausch & Lomb denies the allegations in paragraph 87 of the Complaint.

88. Bausch & Lomb denies the allegations in paragraph 88 of the Complaint.

89. Bausch & Lomb denies the allegations in paragraph 89 of the Complaint.

90. Bausch & Lomb denies the allegations in paragraph 90 of the Complaint.

91. Bausch & Lomb denies the allegations in paragraph 91 of the Complaint.

### AS AND FOR A SEVENTH CAUSE OF ACTION AGAINST THE DEFENDANT

92. Bausch & Lomb incorporates by reference its responses to the above paragraphs as if fully set forth herein.

532385.1

93. Bausch & Lomb states that paragraph 93 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Bausch & Lomb admits only to those duties as are imposed by law. Bausch & Lomb denies all remaining allegations in paragraph 93 of the Complaint.

94. Bausch & Lomb denies the allegations in paragraph 94 of the Complaint.

95. Bausch & Lomb denies the allegations in paragraph 95 of the Complaint.

96. Bausch & Lomb denies the allegations in paragraph 96 of the Complaint.

97. Bausch & Lomb denies the allegations in paragraph 97 of the Complaint.

## AS AND FOR A EIGHTH CAUSE OF ACTION AGAINST THE DEFENDANT

98. Bausch & Lomb incorporates by reference its responses to the above paragraphs as if fully set forth herein.

99. Bausch & Lomb admits that it designed, researched, manufactured, tested, advertised, promoted, marketed, sold, and distributed ReNu® with MoistureLoc® for use in accordance with its FDA-approved labeling, and subject to the indications, precautions, warnings, and contraindications contained therein. Bausch & Lomb denies all remaining allegations in paragraph 99 of the Complaint.

100. Bausch & Lomb denies the allegations in paragraph 100 of the Complaint.

101. Bausch & Lomb denies the allegations in paragraph 101 of the Complaint.

102. Bausch & Lomb states that paragraph 102 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Bausch & Lomb denies the allegations in paragraph 102 of the Complaint.

532385.1

103. Bausch & Lomb denies the allegations in paragraph 103 of the Complaint.

104. Bausch & Lomb admits that Plaintiffs bring this action seeking to recover damages, but denies that Plaintiffs are entitled to any relief. Bausch & Lomb denies the allegations in paragraph 104 of the Complaint.

### AS AND FOR A NINTH CAUSE OF ACTION AGAINST THE DEFENDANT

105. Bausch & Lomb incorporates by reference its responses to the above paragraphs as if fully set forth herein.

106. Bausch & Lomb denies the allegations in paragraph 106 of the Complaint.

107. Bausch & Lomb denies the allegations in paragraph 107 of the Complaint.

Bausch & Lomb admits that Plaintiffs seek the relief requested in the unnumbered WHEREFORE paragraph following paragraph 107, including all subparts, but specifically denies that Plaintiffs are entitled to any relief.

### DEMAND FOR JURY TRIAL

Bausch & Lomb demands a trial by jury as to all issues so triable.

### PREAMBLE TO AFFIRMATIVE DEFENSES

Bausch & Lomb reserves the right to rely upon any of the following or additional defenses to claims asserted by Plaintiffs to the extent that such defenses are supported by information developed through discovery or evidence at trial.

532385.1

## AFFIRMATIVE AND OTHER DEFENSES

1. The Complaint fails to state a claim upon which relief may be granted against Bausch & Lomb.

2. Bausch & Lomb states that the contact lens solution that it designs, manufactures, and distributes is free from all defects at the time it leaves the care, custody, and control of Bausch & Lomb and is reasonably fit for its intended and reasonably anticipated use and was marketed with adequate and sufficient warnings.

3. All contact lens solution that is designed, manufactured, and distributed by Bausch & Lomb meets all applicable Food and Drug Administration standards.

4. If Bausch & Lomb is deemed to be the manufacturer of the subject contact lens solution, either factually or legally, then Bausch & Lomb would show at the time the contact lens solution left its care, custody, and control, Bausch & Lomb did not know and, in light of then-existing, reasonably available scientific and technological knowledge, could not have known of the design characteristic that allegedly caused Plaintiffs' loss and/or damage or the danger of such characteristic, nor could Bausch & Lomb have known of any alternative design that may be identified by Plaintiffs.

5. The contact lens solution of Plaintiff complied with state-of-the-art technology at the time of manufacture and at the time of original retail sale.

6. Plaintiffs lack standing to assert claims under the Complaint because they have alleged no cognizable injury.

7. The claims of Plaintiffs are barred, in whole or in part, by the economic loss doctrine.

8. The claims of Plaintiffs may be barred, in whole or in part, by the doctrine of assumption of risk.

532385.1

9.  The claims of Plaintiffs may be barred, in whole or in part, by the applicable statute(s) of limitations and/or repose.

10. The claims of Plaintiffs may be barred, in whole or in part, by Plaintiffs' failure to mitigate damages.

11. The claims of Plaintiffs may be barred, in whole or in part, because the manufacturing, labeling, packaging, and advertising of the product complied with the applicable codes, standards and regulations established, adopted, promulgated or approved by any applicable regulatory body, including but not limited to the United States, any state and any agency thereof.

12. The claims of Plaintiffs may be barred because Plaintiffs lack privity with Bausch & Lomb and/or failed to provide the requisite and/or timely notice to Bausch & Lomb of any claimed breach of warranty.

13. Plaintiff may have misused the contact lens solution involved in this case.

14. There is no causal relationship between Bausch & Lomb's conduct and the injuries and damages alleged by Plaintiffs in the Complaint.

15. The claims of Plaintiffs may be barred, in whole or in part, by the doctrine of laches, waiver, and/or estoppel.

16. The claims of Plaintiffs may be barred, in whole or in part, from recovery on the grounds that they are subject to the defense of accord and satisfaction.

17. The claims of Plaintiffs may be barred, in whole or in part, from recovery on the grounds that Bausch & Lomb has discharged its obligations to Plaintiffs.

18. The claims of Plaintiffs may be barred, in whole or in part, from recovery by the doctrine of unclean hands.

532385.1

19.  The claims of Plaintiffs may be barred, in whole or in part, from recovery due to spoliation of evidence.

20.  The claims of Plaintiffs may be barred, in whole or in part, because the advertisements, if any, and labeling with respect to the product were not false or misleading and, therefore, constitute protected commercial speech under the applicable provisions of the United States Constitution.

21.  The claims of Plaintiffs are preempted, in whole or in part, by federal law.

22.  To the extent that Plaintiffs' claims are based on a theory providing for liability without proof of causation, the claims violate Bausch & Lomb's rights under the United States Constitution and analogous provisions of the New York Constitution.

23.  To the extent that Plaintiffs seek punitive damages, without qualification or limitation, this claim violates Bausch & Lomb's due process under the United States Constitution and similar provisions of the Constitution, law and public policy of New York.

24.  Plaintiffs are not entitled to punitive damages against Bausch & Lomb pursuant to the facts as alleged in the Complaint.

25.  Imposition of punitive damages against Bausch & Lomb in this case would contravene the Commerce Clause of the United States Constitution in that such an award, if imposed, would constitute an undue and unreasonable burden on interstate commerce.

26.  Plaintiffs' claim for punitive damages cannot be sustained to the extent it seeks to punish Bausch & Lomb for alleged harm to non-parties and/or persons who are not before the Court. Imposition of punitive damages under such circumstances would violate Bausch & Lomb's procedural and substantive due process rights and equal protection rights

532385.1

under the Fifth and Fourteenth Amendments to the United States Constitution and Bausch & Lomb's due process and equal protection rights under cognate provisions of the New York Constitution, and would be improper under the common law and public policies of the United States and State of New York.

27. Losses, if any, to Plaintiffs are subject to an offset for benefits received by Plaintiffs resulting from the alleged use of ReNu® with MoistureLoc®.

28. The claims of Plaintiffs may be barred, in whole or in part, from recovery by Plaintiff's misuse and/or abuse of the allegedly defective contact lens solution, and/or by Plaintiffs' otherwise contributorily or comparatively negligent conduct.

29. The claims of Plaintiffs may be barred, in whole or in part, as a result of any alteration made in the allegedly defective contact lens solution.

30. The claims of Plaintiffs may be barred, in whole or in part, from recovery because the alleged problems in the contact lens solution involved an intervening cause or was attributable, in whole or in part, to a cause other than the contact lens solution defect alleged in the Complaint.

31. Bausch & Lomb is entitled to credit for any settlement of claims for alleged injuries and damages made by Plaintiffs with any other defendant or other person or entity.

32. The claims asserted in the Complaint are barred as a matter of law pursuant to Restatement (Second) of Torts § 402A, comments j & k.

33. This Court should abstain from adjudicating Plaintiffs' claims relating to warnings and labeling in deference to the interpretation of regulations relating to labeling by the FDA.

532385.1

34. Plaintiffs' claims are barred, in whole or in part, by the doctrine of abstention, in that the common law gives deference to discretionary actions by the United States Food and Drug Administration pursuant to the Food, Drug and Cosmetic Act, and the Medical Device Amendments thereto.

35. The claims asserted in the Complaint are barred as a matter of law pursuant to Restatement (Third) of Torts: Product Liability § 4, *et seq.*, because ReNu® with MoistureLoc® complied with applicable product safety statutes and administrative regulations.

36. Plaintiffs may be barred, in whole or in part, from recovery due to res judicata, collateral estoppel, or by release of claims.

37. The claims set forth in the Complaint are barred because Plaintiffs' alleged injuries and damages, if any, are the result of Plaintiff's own idiosyncratic or allergic reaction(s) to ReNu® with MoistureLoc® for which Bausch & Lomb cannot be held responsible.

38. Plaintiffs' claims should be dismissed and/or transferred due to improper venue.

39. Plaintiffs' claims should be dismissed and/or transferred due to inconvenient forum.

40. The equitable share of liability, if any, of Defendant Bausch & Lomb shall be determined pursuant to the provisions of Article 16 of the CPLR.

WHEREFORE, Bausch & Lomb prays that the Court determine and adjudge:

(a) that the Complaint, and all claims alleged therein, be dismissed with prejudice,

(b) that Bausch & Lomb be awarded the costs, disbursements and attorneys' fees incurred in the defense of this action, and

(c) that Bausch & Lomb be awarded such other and further relief as the Court may deem proper.

Dated: New York, New York
June 9, 2008

Respectfully submitted,

HEIDELL, PITTONI, MURPHY & BACH, LLP

By: _____
Scott M. Zimmerman, Esq. (SZ 2735)
99 Park Avenue
New York, New York 10016
Ph: 212.286.8585
Fax: 212.490.8966
Attorneys for Defendant

To: Andrew Finkelstein, Esq.
Finkelstein & Partners, LLP
436 Robinson Avenue
Newburgh, NY 12550
Ph: 845.562.0203.
Fax: 845.562.3492

Attorneys for Plaintiff

532385.1

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------- x

KARA GARZA and ELISEO GARZA,

               Plaintiffs,

-against-

BAUSCH & LOMB INCORPORATED,

               Defendant.
---------------------------------------- x

08-CIV-4151 (PAC)(MHD)

**AFFIDAVIT OF SERVICE**

STATE OF NEW YORK   )
                          ) ss.:
COUNTY OF NEW YORK )

    I, AMY VELEZ, being duly sworn, deposes and says:

    Deponent is not a party to the action, is over 18 years of age and is employed by HEIDELL, PITTONI, MURPHY & BACH, LLP.

    On June 9, 2008, deponent served the within **ANSWER AND DEFENSES OF BAUSCH & LOMB INCORPORATED TO PLAINTIFF'S COMPLAINT and CORPORATE DISCLOSURE STATEMENT** upon the following attorney(s) at the address(es) designated by said attorney(s) for that purpose by delivering a true copy of same enclosed in a post-paid properly addressed wrapper in an official depository under the exclusive care and custody of the United States Postal Service within the State of New York:

To:    Andrew Finkelstein, Esq.
        Finkelstein & Partners, LLP
        436 Robinson Avenue
        Newburgh, NY 12550
        Ph:  845.562.0203.
        Fax: 845.562.3492

                                                         AMY VELEZ

Sworn to before me this
9th day of June, 2008

_____
NOTARY PUBLIC

532385.1

JANICE KONDEL
Notary Public, State of New York
Registration #01KO6141178
Qualified in Queens County
Commission Expires Feb. 13, 20 /0